**Electronically Filed
Supreme Court
SCWC-22-0000349
27-NOV-2024
02:46 PM
Dkt. 39 OCOR**

SCWC-22-0000349

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI
_____

IN THE MATTER OF THE TAX APPEAL OF HAWAIIAN AIRLINES, INC.,
Petitioner/Plaintiff-Appellant,

vs.

DEPARTMENT OF TAXATION,
Respondent/Defendant-Appellee.
_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-22-0000349; CIV. NO. 1CTX-21-0000493)

<u>ORDER OF CORRECTION</u>
(By:  Recktenwald, C.J., McKenna, Eddins, Ginoza, and Devens, JJ.)

IT IS HEREBY ORDERED that the Opinion of the Court, filed on October 7, 2024, is corrected as follows:

On page 5, line 5, the case name citation shall be changed from "<u>Grace</u>" to "Grace II."

On page 6, on the sixth line of the first full paragraph, the word "final" is to be replaced by the word "formal" and the line shall read as follows:  "have qualified as formal administrative decisions, the NOPA".

On page 36, footnote 13 shall be corrected to read as follows with underlined material added:

It was also pointed out at oral argument, however, that while the State could owe interest of four percent on taxes refunded to taxpayers, <u>HRS § 231-23(d)(1)(B)</u>, taxpayers could owe eight percent interest on amounts due, assessable from the <u>due</u> date of the original return. <u>HRS § 231-</u>

39(b)(4)(A). By making its payment under protest when it did, it appears Hawaiian halted the accrual of the eight percent interest earlier than if it had waited for the final assessment, in the event its appeal was eventually denied.

On page 37, the second to last two sentences of the only full paragraph on the page shall be corrected to read as follows with bracketed material deleted and underlined material added:

> Moreover, Section VII of the TBOR, quoted above, clearly says that, "in lieu of filing an appeal," a taxpayer can make a payment under protest ["within 30 days from the date the Final Notice of Assessment was mailed." That is the deadline, suggesting that the payment under protest must be filed before that deadline.] "and seek to recover the taxes by filing an action in tax appeal court within 30 days from the date of payment."

On page 38, the first full paragraph shall be corrected to read as follows with bracketed material deleted and underlined material added:

> Hence, [the NOPA constitutes a "tax assessment"] even though a taxpayer need not make payment until after the final assessment[. A], a NOPA qualifies as a "[final] formal administrative decision" required by Grace II to invoke HRS § 40-35 jurisdiction.

The Clerk of the Court is directed to take all necessary steps to notify the publishing agencies of this change.

DATED:  Honolulu, Hawai'i, November 27, 2024.

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Vladimir P. Devens

